**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO CIVIL DIVISION**

STEVEN MCKIMM on his own
behalf and all similarly situated
individuals,

    Plaintiff,

v.                                                      Case No.:

GD TRANSPORT, LLC,
a Florida limited liability company,
and JOSLEMY S. DELGADO,
individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEVEN MCKIMM ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated (collectively "Truck Drivers"), by and through undersigned counsel, hereby file this Complaint against Defendants, GD TRANSPORT, LLC ("GDT") and JOSLEMY S. DELGADO ("DELGADO"), individually, (together, the "Defendants") and states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself and other similarly situated current and former truck driver employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to minimum wages from Defendants for work they performed, for which Defendants failed to compensate them at a rate of at least minimum wage; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et seq; (iii) declaratory relief pursuant to 28 U.S.C. § 2201; and (iv) entitled to attorneys'

fees and costs.

2. Plaintiff and those similarly situated worked for Defendants as truck drivers.

3. Defendants failed to track the Truck Drivers' hours of work beyond those hours tracked by the United States Department of Transportation (the "DOT").

4. In many weeks, the Truck Drivers were paid less than minimum wage for each hour that they worked.

5. For example, Defendants deducted from wages for things such as truck repairs, reducing his pay below the minimum wage.

6. The Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., by failing to pay the minimum wage for all hours worked in each workweek when due.

7. The Defendants' violations of the Fair labor Standards Act were willful, malicious, and deliberate.

8. The named Plaintiff seeks compensation for Defendants' violations of the Fair Labor Standards Act, on his own behalf and on behalf of all similarly situated current and former Truck Drivers of Defendants.

**JURISDICTION**

9. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, et seq., hereinafter, referred to as the "FLSA") to recover unpaid minimum wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

10. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 216(b).

11. This Court has the authority to grant declaratory relief pursuant to the FLSA and

the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

12. Venue is proper in this Court because Plaintiff resides within the District, Defendants maintain business operations within the District, and Plaintiff's claims accrued in this District.

**PARTIES**

13. At all times material hereto, Plaintiff was, and continues to be a resident of Orange County, Florida.

14. At all times material hereto, GD Transport, LLC was a Florida limited liability company. Further, at all times material hereto, GDT was engaged in business in Florida, with a principle place of business in Orange County, Florida.

15. At all times material hereto, Delgado was, and continues to be a resident of Orange County, Florida.

16. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA. Specifically, throughout his employment, Plaintiff regularly transported general freight, household goods, building materials, food products, and other goods outside the state of Florida.

17. At all times material hereto, Delgado owned and operated GDT.

18. At all times material hereto, Delgado regularly held and/or exercised the authority to hire and fire employees of GDT.

19. At all times material hereto, Delgado regularly held and/or exercised the authority to determine the work schedules for the employees of GDT.

20. At all times material hereto, Delgado regularly held and/or exercised the authority to control the finances and operations of GDT.

21. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of GDT; (b) determine the work schedules for the employees of GDT; and (c) control the finances and operations of GDT, Delgado is an employer as defined by 29 U.S.C § 201 et. seq.

**COVERAGE**

22. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

23. At all times material hereto, Defendants were the "employers" within the meaning of the FLSA.

24. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

25. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA, by virtue of their regular shipments of general freight, household goods, motor vehicles, building materials, food products, machinery, and other goods outside the state of Florida.

26. At all times material hereto, Defendants were, and continue to be, enterprises "engaged in commerce" within the meaning of the FLSA.

27. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

28. At all times material hereto, Defendants had two (2) or more employees transporting goods or materials that had been moved in or produced for commerce, such as general freight, household goods, motor vehicles, building materials, food products, machinery, and other goods.

29. At all times material hereto, Plaintiff was "engaged in commerce" by virtue of the fact that he regularly transported goods outside the state of Florida, as part of his duties as a Truck Driver.

30. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

31. At all times material hereto, Defendants performed related activities, for a common business purpose, and with shared employees and operational control.

32. At all times material hereto, GDT was owned and operated by Delgado.

33. At all times material hereto, Delgado exercised sufficient control and authority over Plaintiff such that he was also acting as his employer pursuant to the FLSA.

### STATEMENT OF FACTS

34. On or about October, 2018, Defendants hired Plaintiff as a truck driver.

35. Plaintiff was assigned loads out of Defendants' Windermere, Florida office.

36. Plaintiff regularly transported general freight, household goods, building materials, food products, and other goods outside the state of Florida.

37. Plaintiff was paid by the mile.

38. Upon completing a load, Plaintiff would be forced to wait and remain with the truck until the next load was assigned. Plaintiff was not compensated for this down time, which sometimes lasted days.

39. Plaintiff's pay would also be deducted for truck repairs by defendants, denying him a minimum wage.

40. From at least October, 2018 and continuing through May, 2019, Defendants failed to pay Plaintiff at least the applicable minimum wage for all weeks or hours worked.

41. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff Steven Mckimm asserts his Count I claim under the FLSA, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all other similarly situated employees currently and formerly employed by Defendants.

43. Pending any modifications necessitated by discovery, the named Plaintiff preliminarily defines the following class:

> **All current and former truck drivers of the Defendants who were not compensated at least the statutory minimum wage in each week worked.**

44. All potential § 216(b) Class members are similarly situated because, *inter alia*, they were all employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants, including:

   a. They were paid by the mile without regard to the number of hours worked;

   b. They each suffered from improperly made deductions from class members' paychecks; and

   c. The Defendants failed to pay class members at least statutory minimum wage for each hour of work as mandated by the FLSA.

## COUNT I
## BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)
### 29 U.S.C. §§ 201 *et seq.*
### FAILURE TO PAY MINIMUM WAGES

45. Plaintiff realleges and incorporates by reference paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. The named Plaintiff asserts this claim on behalf of himself and the § 216(b) Class pursuant to 29 U.S.C. § 216(b).

47. During all times relevant to this action, the named Plaintiff and all others similarly situated were employed by the Defendants as defined by 29 U.S.C. § 203(g).

48. The Defendants failed to pay the named Plaintiff and the § 216(b) Class the statutory minimum wage for every hour of work.

49. During all times relevant to this action, the named Plaintiff and the § 216(b) Class were employed by the Defendants in an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

50. During all times relevant to this action, the named Plaintiff and the § 216(b) Class were employed by the Defendants for handling and otherwise working on goods or materials that had been moved in or were produced for commerce by any person.

51. The Defendants individually each had annual gross revenue in excess of $500,000.00 and employed two or more persons, including the named Plaintiff, who handled and worked on materials which had been moved in interstate commerce.

52. The named Plaintiff and the § 216(b) Class are individually covered by the Fair Labor Standards Act because they engaged in commerce or in the production of goods for commerce.

53. The Defendants failed to pay the Plaintiff and the § 216(b) Class the minimum wage required by the FLSA.

54. The named Plaintiff and the § 216(b) Class are entitled to unpaid minimum wages, unpaid overtime wages, liquidated damages, and attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order or orders:

    a. Certifying an opt-in class pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.;

  b. That appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the § 216(b) Class;

  c. Awarding the Plaintiff and the § 216(b) Class unpaid minimum wages, pursuant to 29 U.S.C. §§ 206 and 216;

  d. Awarding the Plaintiff and the § 216(b) Class costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

  e. Awarding the named Plaintiff and the § 216(b) Class liquidated damages; and

  f. Granting such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 7th day of October, 2019.

       /s/ *Marc R. Edelman*
       MARC R. EDELMAN, ESQ.
       Florida Bar No.: 0096342
       MORGAN & MORGAN, P.A.
       201 N. Franklin Street, Suite 700
       Tampa, Florida 33602
       Telephone: 813.223.5502
       Facsimile: 813.223.5402
       E-mail: MEdelman@forthepeople.com
       ***Attorney for Plaintiffs***